ELLIS, Judge
On March 16, 1964, a permanent writ of injunction was granted by the District Court of Ascension Parish enjoining defendants, George Bonneval and Edward E. Jennings, from practicing dentistry within this State without a license.
*212 The practice of dentistry in Louisiana is defined by statute, particularly by LSA-R.S. 37:751. Subsection (13) of that statute is all that is involved in this litigation and provides in part that:
“Dentistry means that practice in which a person:
******
“13. Furnishes, supplies, constructs, reproduces, replaces or repairs a prosthetic appliance or denture (sometimes known as a plate), bridge or other substitute for natural teeth without having received a written authorization or prescription furnished by a licensed and registered dentist upon a form approved by the Louisiana State Board of Dentistry * * *.”
The only error specified by appellants is that the trial judge erred in maintaining the constitutionality of that subsection.
Defendants had previously pleaded guilty to violating the criminal provisions of Act 334 of 1940. That act regulates the profession of dentistry in Louisiana as an exercise of the Legislature’s police power to protect public health and welfare.
Defendants contend that inasmuch as a person may legally repair dentures if he has received proper authorization and a prescription from a licensed and registered dentist on an approved form, the same person can repair dentures without the prescription for the reason that there is no connexity between the prescription and the public health and welfare.
Whether or not there is such a connexity is a matter within the province of the Legislature to determine. The Legislature has spoken in the affirmative and the opinion of this Court, if it be to the contrary, cannot be substituted for that of the Legislature.
 The constitutionality of all acts is presumed. However, if the person attacking the constitutionality of a statute can demonstrate that there is in fact no con-nexity between the purpose sought to be accomplished and the method employed, the statute may be declared unconstitutional as an improper use of the police power to protect public health and welfare.
In the instant case, the record before us is strikingly barren of any evidence by either party even remotely bearing on this point. The only evidence in the record before this court is the applicable court minutes and a certified copy of the criminal information. The presumption of constitutionality must prevail and the judgment of the lower court is accordingly affirmed.
Affirmed.